MaddeN, Judge,
concurring in the result.
I agree with the majority of the court that the plaintiff is not entitled to recover. I would, however, base the decision upon a different ground. The majority opinion indicates that, though the denial of relief to the plaintiff works a hardship, the court is powerless to give relief because of the plaintiff’s failure to comply with certain technical requirements of the contract. If I agreed with the majority as to the hardship of the result and as to the only reasons for it being the technical reasons given, I would think that the decision should be for the plaintiff. Situations in which a court is obliged to make a decision which it regards as harsh and unjust should be rare. See Armstrong v. United States, 98 C. Cls. 519. I think this is not one of those situations.
The contractor encountered the problem of how to keep the earth from caving in while back filling the trenches. After consultation with the Government’s supervisors on the job it was decided that the way to do it was to leave the wood sheeting in place. The contractor was subsequently told to keep a record of the added expense of doing so, and present a proposal for additional compensation. When it presented this proposal, the Government’s supervisors of the work recommended that it be accepted, but the Director of Procurement, who was acting for the contracting officer, rejected the proposal after consideration which included the decision of a Board of Awards. His ground of rejection seems to have been that the contract required the contractor to back fill its trenches without damaging pavements and adjacent utility lines, and that it was doing no more than the contract required when it did what was necessary to avoid that kind of damage. While the rejection was put on the cryptic ground that the claim was “not legally allowable”, *40 the later letter to the General Accounting Office quoted in finding 17, seems to show that the rejection, though doubtfully decided upon, was made for the reason I have assumed.
' As shown in the last paragraph of finding 15, the contracting officer, or his representative, was given the final authority to interpret the specifications. While I would not have interpreted them as he did, but would have found that an unforeseen condition, calling for an equitable adjustment under article 4 had been encountered, yet I think his interpretation was not arbitrary nor wholly unsupported by the relevant data. If in those circumstances it was not final, the only appeal from it was a possible appeal, which the contractor did not take, to the head of the department under article 15.
.Littleton, Judge, concurs in the foregoing opinion.